# Dileo v. Americorp Financial Inc.

*Milton D. Margolis,* for plaintiff.
*Ronald D. Bailieu,* for defendant.

SOLOMON, *J.,* October 15, 1992—This court issued an order granting the plaintiff's request for a preliminary injunction on July 22, 1992. On July 30, 1992, after hearing, the court ordered that the injunction be made permanent, and the defendant filed the instant appeal. This opinion is filed in support of that order.

## STATEMENT OF FACTS

On or about June 12, 1991, the defendant, Americorp Financial Inc., brought suit in the Circuit Court for Oakland County, in the state of Michigan, against, *inter alia,* the plaintiff, George A. Dileo. Americorp was seeking to enforce Dileo's obligation under both a lease and a guaranty agreement. The lease was entered into in Pennsylvania on or about September 28, 1988. The lease covered certain equipment for a TCBY franchise store located in Uniontown, Pa. The plaintiff and John C. Lish, individually, guaranteed the obligations of the corporation under the lease. The lease and the guaranty contained a forum selection clause which provided that Michigan

law would govern any disputes arising under the agreements.

On or about July 15, 1991, the defendant filed suit in state court in Pontiac, Mich., against, inter alia, George A. Dileo for breach of the lease. The defendant, Dileo, filed an answer to the plaintiff's first amended complaint and filed affirmative defenses in which he raised the issue of lack of jurisdiction. He also filed a motion for leave to file jury demand and participated in discovery in the Michigan action. The case was eventually listed for trial and Dileo filed his motion for preliminary injunction with this court requesting that the court: (1) enjoin the defendant from proceeding in the lawsuit filed in the Oakland County, Michigan Circuit Court; (2) enjoin the defendant from commencing any litigation against the plaintiff related to the subject lease in any court other than a court of appropriate venue in Pennsylvania; (3) direct the defendant to dismiss its action filed in the Michigan court; and (4) enjoin the docketing in Pennsylvania of any judgment rendered in the subject Michigan lawsuit. This court granted the preliminary injunction on July 22, 1992, and made the injunction permanent by order of July 30, 1992, and the defendant filed its appeal.

## DISCUSSION

The defendant's argument as stated in its statement of matters complained of on appeal is essentially that the court erred in granting the injunction because the defendant had participated to some degree in the Michigan litigation. Apparently, the defendant makes this argument because the Pennsylvania case law on this issue, *Churchill Corp. v. Third Century Inc.,* 396 Pa. Super. 314, 578 A.2d 532 (1990), and *Tandy Computer Leasing v. DeMarco,* 388 Pa. Super. 128, 564 A.2d 1299 (1989), involves Pennsylvania defendants who did not participate

in the foreign forum lawsuits which were brought against them. The defendant, however, has provided no authority to support this argument. For the reasons which follow, we conclude that *Churchill* and *Tandy* are controlling in this situation and that the issuance of the permanent injunction was proper.

In *Churchill, supra,* the Pennsylvania Superior Court held that a Pennsylvania resident was entitled to an injunction prohibiting a Missouri corporation from bringing suit against him in a foreign forum. The facts of that case are similar to those of the case currently before the court. In *Churchill,* a Pennsylvania resident entered into a lease for office equipment with a Missouri corporation. The lease contained a consent-to- jurisdiction clause which designated Missouri law as controlling.

The *Churchill* court found that the consent-to-jurisdiction clause was unenforceable because enforcement of the clause would seriously impair the Pennsylvania resident's ability to pursue its cause of action in that the costs of defending the action in Missouri would have been higher than the amount necessary to satisfy any default judgment which may have been entered in the action. The court also noted that whether or not a party has received consideration under a contract for its agreement to litigate in a specified forum is relevant to the enforceability determination.

In this case, all of the witnesses to the transaction are in Pennsylvania or some forum other than Michigan. The plaintiff would be required to pay the costs necessary to transport his witnesses and himself to Michigan for this litigation. Additionally, the plaintiff would suffer a serious business hardship if he was forced to travel to Michigan for a trial. His presence in Michigan would necessitate the closing of his Uniontown, Pa. pharmacy as it would be very difficult for him to find a pharmacist

to replace him while he is gone. Finally, the subject equipment, the value of which must be determined in this litigation, is also in Pennsylvania.

It also is clear from the testimony that the plaintiff was not even aware of this provision, and did not bargain for or consent to it, having received the lease agreement in the mail and being required to sign it and send it back the same day.

Thus, this court will not enforce this forum selection clause as it is clear that the plaintiff did not receive any consideration for it, or bargain for it, and that the cost of litigating in Michigan would seriously impair the plaintiff's ability to pursue his cause of action. We find that the consent to jurisdiction clause is unenforceable and thus does not divest this Pennsylvania court of jurisdiction in this matter.